## 5104. CURRY *v.* THE STATE.

## 5105. HOLLINSHEAD *v.* THE STATE.

## 5106. WALKER *v.* THE STATE.

## 5107. WALKER *v.* THE STATE.

The evidence authorized the verdict, and there was no error in refusing a new trial.

DECIDED OCTOBER 28, 1913.

Accusation of gaming; from city court of Houston county— Judge Riley. June 10, 1913.

*J. C. Smith, W. J. Wallace,* for plaintiffs in error.

*R. E. Brown, solicitor,* contra.

RUSSELL, J. The same exception to the charge of the court as that presented in the case of *Allen* v. *State,* ante, 657 (79 S. E. 169), is raised in the four writs of error now before us, but upon a review of the record it does not appear that the evidence as to these defendants is wholly circumstantial. The deputy sheriff in each of the cases now before us testified positively that he saw the defendants playing and betting for money. It may be that upon a cross-examination of the witness it would have been developed that this statement was a mere conclusion of the witness, as was apparent in *Allen's* case. But the presumption is to the contrary, because it is to be presumed that counsel advisedly avoided further inquiry into the extent of the witness's knowledge, in the interest of his client, rather than that he neglected his duty to that client. For this reason there is a wide difference between the cases of these defendants and that of Allen.

Further exception is made as to the Walkers, in that complaint is made that in the charge of the court their defense was minimized by the statement that the defense of the accused rested *in part* upon alibi. The court's expression was not technically correct, for alibi is either a complete defense or no defense; but in the state of the evidence it is not apparent that the accused were injuriously affected by this inapposite statement of the court.     *Judgment affirmed.*